<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
DONZEL NIX, et al.,                 :
                                    :  Civil Action No. 14-6879 (RMB)
          Plaintiffs,               :
                                    :
     v.                             :
                                    :
CAMDEN COUNTY DEPARTMENT            :
OF CORRECTIONS, et al.,             :
                                    :  **<u>MEMORANDUM OPINION AND ORDER</u>**
          Defendants.               :
_____ :

**BUMB**, District Judge:

    This matter comes before the Court upon the Clerk's receipt of Plaintiffs' civil complaint ("Complaint"), <u>see</u> Docket Entry No. 1, which arrived accompanied by an unsigned application affidavit of poverty.  <u>See</u> Docket Entry No. 1-1.

    In light of the deficiencies of Plaintiffs' <u>in forma pauperis</u> ("IFP") application, this Court will deny them IFP status without prejudice.  In the event Plaintiffs file proper IFP applications, the Court will allow them an opportunity to submit, for this Court's screening, their amended pleading curing the deficiencies of their instant Complaint.[1]

---

[1] Plaintiffs are pre-trial detainees housed at the Camden County Correctional Facility ("CCCF").  One Plaintiff, Daurice Turner, provided his SBI Number indicating that he was convicted and confined in connection with an offense unrelated to his current confinement during the period from March 9, 2007, to June 11, 2012.  <u>See</u> https://www6.state.nj.us/DOC_Inmate/details?x=1372995&n=0.  Other Plaintiffs provided only their jail

Naming the Department of Corrections, the State of New Jersey, the CCCF's warden and unidentified staff as Defendants in this matter, Plaintiffs express their displeasure with their conditions of confinement (alleging overcrowding and lack of hygiene items, and noting their dissatisfaction with the quality of meals because they deem those meals insufficiently nutritious and prepared without the sanitary measures Plaintiffs deem proper) and with the medical care available to the inmates confined at the CCCF (expressing their displeasure with the speed and quality of care available to the inmates).[2]  See Docket Entry No. 1, at 4.

Each Plaintiff seeks $10 million in damages.  See id. at 6.

---

identification numbers.  See Docket Entry No. 1, at 4.  In light of this information, this Court presumes, without making a factual finding to that effect, that Plaintiffs are pre-trial detainees, and therefore assesses their claims under the Fourteenth rather than Eighth Amendment.

[2]  Plaintiffs extensively elaborate on their displeasure, listing such matters as: (a) poor quality of air, which they qualify as "recycled"; (b) lack of hot water in the cells, and the need to access hot water in bathrooms and showers; (c) mice infestation; (d) lack of lockers to storage the food purchased at the commissary; (e) meals prepared out of the products exposed to mice; (f) infested water backing up from the cell sink when the cell toilet is flashed; (g) lack of mail delivery on daily basis; (h) lack of daylight in the cells; (i) access to recreational area on monthly basis; (j) delays in being called for a visit to the medical staff after a request for medical care was filed; (k) medical staff's refusal to provide unspecified medications they believe should be distributed; (l) mold on the walls of the shower facilities being painted over rather than scraped off; (m) lack of the doors in public bathrooms; (n) water from the showers on the floors of public bathrooms; (o) lack of responses to Plaintiffs' grievances, etc.  See Docket Entry No. 1, at 6-7.

The fee for a civil complaint is $400.00.[3] The Clerk cannot file a civil complaint unless the person seeking relief prepays the entire fee or applies for and is granted IFP status under 28 U.S.C. § 1915. <u>See</u> Local Civil R. 5.1(f). The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) ("PLRA"), which amended 28 U.S.C. § 1915, established certain financial requirements for inmates who are attempting to bring a civil action or file an appeal IFP. Under the PLRA, an inmate must submit his/her signed affidavit, stating all his/her assets and verifying that (s)he is unable to pay the fee. <u>See</u> 28 U.S.C. § 1915(a)(1). The inmate must also submit a certified copy of his/her trust fund account statement for the six-month period immediately preceding the filing of his complaint. <u>See</u> 28 U.S.C. § 1915(a)(2). The inmate must obtain this certified statement from the appropriate official of each prison at which (s)he was confined during that period. <u>See</u> <u>id.</u>

---

[3] The entire $400 fee must be paid in advance. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. That $350 filing fee would be assessed in accordance with 28 U.S.C. § 1915(b)(1), <u>i.e.</u>, in each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. <u>See</u> 28 U.S.C. § 1915(b)(2).

Here, this Court cannot grant Plaintiffs IFP status at this juncture.  Each Plaintiff had to submit his own signed affidavit of poverty and his own certified prison account statement for the six months preceding submission of the Complaint, but they all failed to do so.  Since Plaintiffs failed to submit the required applications, they will be denied IFP status without prejudice.[4]

In the event Plaintiffs file proper IFP application,s they should also submit their amended complaint stating cognizable claims pled in accordance with requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

---

[4] Plaintiffs shall take notice of Rule 20 of the Federal Rules of Civil Procedure, which governs permissive joinder of plaintiffs.  Where more than one IFP inmate seeks to join in a complaint against a government official or entity, *each* inmate must seek and obtain IFP status, and the Court must direct $350 assessment against *each* inmate.  See Hagan v. Rogers, 570 F.3d 146, 150 (3d Cir. 2009).  Moreover, the Court is also obligated to screen the complaint upon granting IFP status and dismiss any claim that is frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.  See 28 U.S.C. § 1915A.  If an inmate has, on three or more occasions while in confinement, brought an action or appeal in a federal court that was dismissed on the aforesaid grounds, the inmate may not bring another action IFP unless (s)he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); see also Byrd v. Shannon, 709 F.3d 211 (3d Cir. Mar. 11, 2013).  Thus, in the event Plaintiffs submit their properly executed IFP applications, *each* Plaintiff would be assessed $350 filing fee and, if their amended complaint is dismissed, *each* Plaintiff would accrue a strike for the purposes of 1915(g)'s three-strikes rule.  This Court, therefore, urges each Plaintiff to pursue litigation only if they have a bona fide belief that their constitutional rights were violated, and not for the purposes of expressing their emotions or displeasures.

For instance, Plaintiffs shall not raise any claims against the Department of Corrections since the Department is not a "person" amenable to a § 1983 suit for damages. See Grabow v. Southern State Corr., 726 F. Supp. 537, 538-39 (D.N.J. 1989); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). Also, Plaintiffs shall not raise any claims against the State because those claims are barred by the Eleventh Amendment. See Estate of Lagano v. Bergen Cty Prosecutor's Office, 2014 U.S. App. LEXIS 19722, at *15-17 (3d Cir. Oct. 15, 2014).

To add, since Plaintiffs' claims against the warden are based solely on the theory of respondeat superior, see Docket Entry No. 1, at 5 ("[The warden] is the administrator of the [CCCF]. He dictates policies and procedures that both [the inmates] and staff must follow"), these claims shall not be re-raised in the amended complaint, if such is submitted. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) (supervisors "may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior").

Moreover, Plaintiffs' claims based on the wrong suffered by other inmates shall not be raised in their amended complaint, if such is submitted, because Plaintiffs are without standing to raise claims on behalf of other inmates. See Whitmore v. Arkansas, 495 U.S. 149, 154 (1990) (the jus tertii requirements); see also Steel Co. v. Citizens for Better Environment, 523 U.S.

5

83, 103, n.5 (1998) (relying on Warth v. Seldin, 422 U.S. 490, 508 (1975)).

Furthermore, Plaintiffs cannot just name unspecified "staff" as defendants: they must sufficiently identify each defendant and allege facts showing each defendant's *personal involvement* in a particular alleged wrong. See id.; see also Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991).[5]

Toward that end, this Court notes that, analyzing a conditions of confinement claim under the Fourteenth Amendment, the Supreme Court explained that:

> [i]n evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.

Bell v. Wolfish, 441 U.S. 520, 535 (1979) (footnotes omitted).

Thus, the central question is whether Plaintiffs sufficiently alleged that their conditions of confinement

---

[5] Also, Plaintiffs' claims based on the alleged failure to respond to their grievances shall not be raised in their amended complaint, if such is submitted. It is well established that "[p]risoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights," Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997), and a failure to respond to an inmate's grievances "does not violate his rights to due process and is not actionable." Stringer v. Bureau of Prisons, 145 F. App'x 751, 753 (3d Cir. 2005) (citing Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)).

6

constituted punishment without due process.  See Southerland v. Cty. of Hudson, 523 F. App'x 919, 921 (3d Cir. 2013).

Being housed in a cell with other inmates does not, per se, qualify as such punishment.  The Court of Appeals expressly pointed out that pretrial detainees do not have a right to be free from being housed with other inmates.  See Hubbard v. Taylor, 538 F.3d 229, 236 (3d Cir. 2008) (dismissing triple-celling challenges); see also North v. White, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) (relying on Union Cty. Jail Inmates v. DiBuono, 713 F.2d 984, 1000 (3d Cir. 1983)); Gibase v. George W. Hill Corr. Facility, 2014 U.S. Dist. LEXIS 820862 (E.D. Pa. June 16, 2014) ("housing multiple inmates in a cell does not alone establish a constitutional violation").  "Likewise, [there is no] right of pretrial detainees to be free . . . from sleeping on a mattress placed on the floor."  Hubbard, 538 F.3d at 236.[6]

---

[6] Moreover, Plaintiffs' displeasure with the delays in receiving medical attention and their inability to obtain the medications of Plaintiffs' choice, or their dissatisfaction with the meals served to them, with the mold on the bathroom walls, the need to purchase toiletries, etc., would not qualify as challenges asserting a wrong of constitutional dimensions. Analogously, one's right to recreation cannot be affected by limited access to the yard; rather, the inmate must assert facts showing that the denial of recreation was such that it caused injury to his ability to control his muscular functions or to maintain his range of physical motions.  See Cary v. Rose, 902 F.2d 37 (7th Cir. 1990) (where the inmates had room in their cells and hallways to run in place/perform calisthenics, their allegations could not amount to a constitutional claim); see also Ellis v. Crowe, 2009 U.S. Dist. LEXIS 125154, at *36 (E.D. La. Dec. 18, 2009) (denial of recreation claim should be dismissed

IT IS on this **21st** day of **November 2014**,

**ORDERED** that Plaintiffs' application to proceed in this matter <u>in forma pauperis</u> is denied without prejudice; and it is further

**ORDERED** that the Clerk shall terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE ADMINISTRATIVELY TERMINATED SUBJECT TO REOPENING UPON THE CLERK'S TIMELY RECEIPT OF PLAINTIFFS' COMPLETE AND PROPERLY EXECUTED <u>IN FORMA PAUPERIS</u> APPLICATIONS AND THEIR AMENDED COMPLAINT." See <u>Papotto v. Hartford Life & Accident Ins. Co.</u>, 731 F.3d 265 (3d Cir. 2013) ("administrative closings [are not final dismissals on the merits; rather, they] are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund"); and it is further

---

since the inmate did not allege that he suffered a physical injury, such as muscle atrophy or loss of range of motion). Analogously, while inmates have a right to legal and personal mail, there is no such thing as a constitutional right to having one's mail delivered on daily basis. While this Court is not in the position to screen each allegation Plaintiffs raised in their Complaint for <u>sua sponte</u> dismissal until and unless Plaintiffs obtain IFP status, see <u>Izquierdo v. State</u>, 2013 U.S. App. LEXIS 15533, at *2-3 and n.1 (3d Cir. July 25, 2013) (a court cannot conclusively rule on the merits of a claim if the filing fee issue was not resolved), the Court takes this opportunity to repeat, once again, that Plaintiffs should pursue litigation only if they have a <u>bona fide</u> belief that their *constitutional* rights were violated, and not for the purposes of expressing Plaintiffs' displeasures, emotions or dissatisfaction.

**ORDERED** that Plaintiffs may have this matter reopened in the event they file, within thirty days from the date of entry of this Memorandum Opinion and Order, their $400 filing fee or their complete and properly executed in forma pauperis applications and accompany the same by their amended complaint executed in accordance with the guidance provided herein; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiffs by regular U.S. mail.  Each Plaintiff shall be served individually, and the Clerk shall enclose in each mailing a blank civil complaint form and blank in forma pauperis application for incarcerated individuals seeking to commence a civil proceeding.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**